IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| APRIL ARAGON and SARA CHAVIRA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO._____ |
| DALLAM-HARTLEY COUNTIES | § | |
| HOSPITAL DISTRICT d/b/a | § | |
| COON MEMORIAL HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs April Aragon ("Aragon") and Sara Chavira ("Chavira") (collectively "Plaintiffs") hereby file this Original Complaint against Defendant Dallam-Hartley County Hospital District ("Defendant" or "Dallam-Hartley"), as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction because Plaintiffs assert claims arising under the laws of the United States. *See* 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over Defendant because Defendant is at home in this division and district because Defendant committed conduct in violation of the United States Code in this division and district. Thus, specific and general jurisdiction both exist.

3. Venue is proper in this division and district because Defendant resides in this division and district and because all of the events or omissions giving rise to Plaintiffs' claims occurred in this division and district. *See* 28 U.S.C. § 1391(b)(1)-(2).

1

### Parties

4.      Plaintiff April Aragon ("Aragon") is an individual who resides in this division and district.  At all pertinent times, she was an employee of Defendant under the Fair Labor Standards Act ("FLSA").  29 U.S.C. § 203(e)(1).

5.      Plaintiff Sara Chavira ("Chavira") is an individual who resides in this division and district.  At all pertinent times, she was an employee of Defendant under the FLSA.  29 U.S.C. § 203(e)(1).

6.      Defendant Dallam-Hartley County Hospital District ("Defendant" or "Dallam-Hartley") is a governmental hospital district organized and existing under the laws of the State of Texas.  At all pertinent times, Defendant was an employer under the FLSA.  29 U.S.C. § 203(d). Defendant's counsel, Allison Davis of Brown & Fortunato, P.C., has agreed to waive service and may be served via email at the following address: adavis@bf-law.com.  Plaintiffs' counsel will email counsel for Defendant a copy of the file-stamped complaint.

### Facts

7.      Aragon and Chavira worked for Defendant as paramedics.  As the job mandated, Aragon and Chavira worked two 24-hour shifts per week.  This work required both women to remain in Dalhart for the entire 24-hour shift in a ready state.  And until October 2018, Aragon and Chavira were paid overtime hours once their work exceeded forty hours.  But that all changed in October 2018 when new management was appointed.  After that time, Aragon and Chavira were not paid overtime hours when they worked more than forty hours.

8.      Once they learned of this improper practice, Aragon and Chavira immediately discussed it with their superiors and questioned its legality.  In response to and in retaliation for asking this routine question, Defendant terminated Aragon and Chavira on or about November 26,

2

2018.  Adding insult to the injury of termination, Defendant and its employees created and perpetuated the false narrative that Plaintiffs were terminated for being "insubordinate," that Plaintiffs had sought to create a hostile working environment, and that Plaintiffs were "proposing a safety issue" for patients.  These assertions are false, unfounded, and pretextual.

9.     Eventually, Plaintiffs gained employment and were hired by AMR.  But by that time, Plaintiffs suffered extensive economic damages.  Plaintiffs had to draw out their 401(k) funds in order to pay bills, and as a result, they suffered penalties for early withdrawal and were taxed for those funds.  In short, Plaintiffs will have to start over in putting together their respective retirement plans.  Further, Plaintiffs suffered mental anguish, emotional distress, and humiliation as a direct and proximate result of unjustifiably losing their ability to earn a living.

### Count 1
### FLSA Retaliation

10.     Plaintiffs incorporate all preceding paragraphs of this Original Complaint.

11.     The FLSA makes it illegal for an employer to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding" related to that statute.  29 U.S.C. § 215(a)(3); *Southard v. Tex. Bd. of Crim. Justice*, 114 F.3d 539, 554 (5th Cir. 1997).[1]  That is precisely what occurred here.  Defendant's executives and managers were well aware that Plaintiffs had questioned the legality of their overtime pay, and in return, Defendant ended Plaintiffs' employment.  Indeed, Plaintiffs met with Larry Smith, the Interim Director of EMS, on November 19, 2018 to express their concerns.  Plaintiffs received Mr. Smith's response one week later, when they were fired.

---

[1] Informal or internal complaints qualify as protected activity under the FLSA.  *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 625 (5th Cir. 2008).

12.     Plaintiffs seek actual damages incurred as a result of Defendant's illegal conduct, including, but not limited to, damages for emotional distress.  Further, Plaintiffs seek exemplary damages for FLSA retaliation.

## Count 2
## FLSA Violations

13.     Plaintiffs incorporate all preceding paragraphs of this Original Complaint.

14.     Plaintiffs were employees of Defendant under the FLSA, and they performed their job duties and worked more than forty hours per week.

15.     Despite this, Defendant inappropriately and intentionally withheld overtime pay from Plaintiffs, in violation of the FLSA.  The total overtime pay claimed by Aragon for overtime violations is $1,078.52, and these damages should be doubled as liquidated damages under the FLSA.  29 U.S.C. § 216(b).  The total overtime pay claimed by Chavira is $1,800.62, and these damages should likewise be doubled as liquidated damages under the FLSA.  29 U.S.C. § 216(b).

16.     Plaintiffs seek damages for the termination and retaliation based on a forty-eight hour work week from the date of termination until AMR hired them.  Specifically, Aragon seeks $9,344.80 in damages and Chavira seeks $8,840.00 in damages.

17.     Plaintiffs also seek an award of attorneys' fees and costs incurred due to Defendant's FLSA violations.  29 U.S.C. § 216(b).

18.     Plaintiffs seek damages for emotional distress for Defendant's FLSA violations.

19.     Plaintiffs further seek an award of front pay, which is an equitable remedy that this Court can issue.  *See Deloach v. Delchamps, Inc*., 897 F.2d 815, 822 (5th Cir. 1990).  Neither Aragon nor Chavira was transferred to AMR at their old pay rates.  Indeed, when they started, they were considered "outsiders" because Defendant had terminated them.  Aragon's new rate of pay is $1.37 per hour less than before; Chavira's new rate of pay is $1.35 per hour less than before.  As

a direct and proximate result of Defendant's improper and retaliatory conduct, Aragon is entitled to front pay damages totaling $108,284.80 and Chavira is entitled to front pay damages totaling $99,684.00.

## Damages

20.     Plaintiffs incorporate all preceding paragraphs of this Original Complaint.

21.     As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

      a.  Lost pay and benefits in the past and future;

      b.  Loss of pension and/or retirement benefits in the past and future;

      c.  Mental anguish and emotional distress in the past and future.

22.     Further, Plaintiffs are entitled to pre-judgment and post-judgment interest on all sums awarded to them.

23.     Further, Defendant's conduct was both intentional and willful, thereby entitling Plaintiffs to an award of liquidated damages.  29 U.S.C. § 216(b).

## Conclusion and Prayer

24.     Plaintiffs incorporate all preceding paragraphs of this Original Complaint.

25.     Upon conclusion of trial, Plaintiffs ask for judgment against Defendant for the following:

      a.  Economic damages;

      b.  Non-economic damages;

      c.  Attorneys' fees;

      d.  Costs of court;

      e.  Pre-judgment and post-judgment interest.

26.     Plaintiffs demand a jury trial.

Respectfully submitted,

THE WEBSTER LAW FIRM

By: /s/ Jason C. Webster
JASON C. WEBSTER
State Bar No. 24033318
HEIDI O. VICKNAIR
State Bar No. 24046557
OMAR R. CHAWDHARY
State Bar No. 24082807
MICHAEL M. GALLAGHER
State Bar No. 24040941
6200 Savoy Drive, Suite 150
Houston, Texas 77036
713.581.3900 (telephone)
713.581.3907 (facsimile)
filing@thewebsterlawfirm.com

THE WARNER LAW FIRM

/s/ Michael A. Warner
MICHAEL A. WARNER
State Bar No. 20872700
101 SE 11th Avenue, Suite 301
Amarillo, Texas 79101
Tele:   806.372.2595
Fax:    866.397.9054
Email: mike@thewarnerlawfirm.com

ATTORNEYS FOR PLAINTIFFS APRIL
ARAGON AND SARA CHAVIRA